**Josh MUINA, Plaintiff,**

v.

**NEW YORK DEPARTMENT OF HOUSING, et al., Defendants.**

**No. 90 Civ. 7429 (RPP).**

United States District Court, S.D. New York.

March 26, 1991.

Josh Muina, pro se.

Victor A. Kovner, Corp. Counsel, Marcia Goffin, Asst. Corp. Counsel, City of New York, Law Dept., New York City, for defendants.

## DECISION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Plaintiff moved by order to show cause for a preliminary injunction pursuant to Rule 65(a)(1) of the Federal Rules of Civil Procedure on January 18, 1991. After ordering the parties to provide the necessary discovery, the Court on its own motion set the matter down for hearing on March 12, 1990 and ordered that the trial of the action be advanced and consolidated with hearing of the application pursuant to Rule 65(a)(2).

In this pro se action the amended complaint of plaintiff appears to be brought pursuant to 42 U.S.C. § 1983. Plaintiff, as a tenant of premises located at 133 West 89th Street, New York, New York, seeks declaratory and injunctive relief from the New York City Housing and Preservation Department ("HPD"), HPD Police and David X, as superintendent of the building. The complaint, in general, alleges that defendants permitted drugs to be sold on the premises; failed to take action preventing drug sales and that, when plaintiff complained about the unsafe and unsanitary conditions and drug activity the defendant superintendent told him to go back to Cuba and committed an assault on plaintiff.

Plaintiff asks for injunctive relief requiring defendants (1) to take immediate steps to ensure that the building is free from narcotics users and their residue; (2) to cease and refrain from assaulting or threatening to assault the plaintiff or his children; (3) to enforce random drug testing as a condition of tenancy in a low-rent apartment; and (4) to provide apartment treatment centers for drug abusers; and for declaratory relief that a failure to take law enforcement action against narcotic abuses of blacks and hispanics constitutes an unconstitutional deprivation of equal protection rights guaranteed by the Equal Protection Clause of the Fourteenth Amendment.[1]

At the hearing on March 12, 1991 plaintiff's son, David Muina, sixteen years of age testified that narcotics users trafficked in narcotics inside and, on the street immediately outside the residence, 133 West 89th Street, New York City during the first few months after the plaintiff and his family became tenants in the late fall of 1989; that crack vials were often found in the stairways and halls of the premises during January 1990 through April and May of that year; that an old man threw a crack vial in his father's face a few months ago; that the superintendent had hit his father on one occasion and told him to "Stop your remarks about narcotics and go back to Cuba where you came from"; that the front door of the building did not lock for a lengthy period of time; and that the lights in the hallway had remained out for a day and one-half. On cross examination he acknowledged that conditions in the building had improved a few months after they had moved in, that the front door of the building had been fixed, and that the building was kept freer from drug paraphernalia now.

The defendants called Timothy Vance, an attorney and policeman on special assignment to HPD as Director of its Narcotics Control Unit. Vance testified that the HPD Narcotics Control Unit was comprised of 21 persons, including himself, 4 assistant

---

1. Although the typed amended complaint contains a handwritten request for jury trial of all issues, a jury trial is not appropriate in view of the relief requested.

directors, and 13 community coordinators; that the Unit's function was to review and follow up complaints in the 40,000 apartments under HPD control; that since its formation in 1989 the Unit had handled 2,300 valid complaints; that 133 West 89th St., New York was considered a narcotic problem building in which as many as 30% of the building tenants were suspected of using drugs; that his Unit had received about a half dozen complaints concerning 133 West 89th Street and had started four to five eviction proceedings as a result, two of which had ended successfully and one of which is pending; that eviction proceedings take six or seven months to complete; that defendant David X, the superintendent, is not employed by HPD but by a subcontractor; and that neither race nor ethnicity have played or do play a part in his Unit's rendering of services.

In view of the evidence presented, the Court finds plaintiff has offered insufficient proof against the defendant agencies, showing that they committed acts in violation of 42 U.S.C. § 1983, or in violation of the Fourteenth Amendment; that defendant David (LNU) superintendent is not an HPD or municipal employee; that HPD and the Narcotics Control Unit of HPD has taken appropriate action to control the use of narcotics on HPD's premises at 133 West 89th Street, New York City; that neither HPD nor said Unit have discriminated against plaintiff on the grounds of race, creed, color, or national origin.

Accordingly, the plaintiff has failed to prove a claim on which this Court can grant the relief he seeks. The complaint is dismissed after trial on the merits. Enter judgment for defendants.[2]

IT IS SO ORDERED.

---

**2.** With his post-trial memorandum plaintiff seeks to amend its complaint to assert a cause of action against HPD for breach of lease, and objects to the Court's utilization of Rule 65(a)(2) to conduct a trial on the merits. These motions are denied.